Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000253
23-DEC-2015
12:21 PM

NO. CAAP-15-0000253

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAROL L. MCKENNA, Plaintiff-Appellant, v.
ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI, a Hawai'i;
CERTIFIED MANAGEMENT, INC., dba Certified Hawai'i; WELLS FARGO
BANK, N.A.; ROSS ANDALORO; et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-627K)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION;
AND
(2) ALL PENDING MOTIONS ARE DISMISSED AS MOOT
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Plaintiff-Appellant Carol L.

McKenna's (Appellant McKenna) appeal from the Honorable Elizabeth

A. Strance's May 16, 2015 "Stipulation for Dismissal with

Prejudice of All Claims and All Parties; Order" (the May 16, 2015

dismissal order) because the circuit court has not yet reduced

the May 16, 2015 dismissal order to a separate, appealable, final

judgment, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires for an appeal from a civil circuit court case under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

When a party attempts to assert an appeal from a civil circuit court case, HRS § 641-1(a) and HRCP Rule 58 require that such an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

On May 29, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000253, which does not contain an appealable final judgment. Therefore, we lack appellate jurisdiction over appellate court case number CAAP-15-0000253.

Granted, the circuit court entered a March 24, 2014 judgment in favor of Defendants/Cross-Claim Defendants/Cross-Claim Plaintiffs/Appellees Geoffrey S. Kim (Appellee Kim) and Hawaiian Isles Adjusting Co., LLC (Appellee Hawaiian Isles Adjusting), and against Appellant McKenna as to Appellant McKenna's first amended complaint. However, the March 24, 2014 judgment is not an appealable final judgment because the March 24, 2014 judgment neither resolves all claims against all parties nor does it contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties, as HRCP Rule 54(b) requires for any judgment that does not resolve all claims.

We note that the circuit court's February 6, 2015 order granting Defendants/Cross-Claim Defendants/Cross-Claim Plaintiffs/Appellees Association of Apartment Owners of Elima Lani and Certified Management, Inc.'s November 5, 2014 motion to enforce a settlement agreement was immediately appealable under

-3-

the collateral order doctrine.[1]  See, e.g., Cook v. Surety Life Insurance, Company, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995) "[A]n order enforcing a settlement agreement is a collateral order which is appealable.").  However, Appellant McKenna did not file her March 24, 2015 notice of appeal within thirty days after entry of the February 6, 2015 order, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure requires for a timely appeal.  Nevertheless, "[t]he failure to take an immediate appeal from a collateral order does not preclude review of the order on appeal from a final judgment."  Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (citation omitted).  When and if the circuit court enters an appealable final judgment in this case, then an aggrieved party will be entitled to obtain appellate review of the February 6, 2015 order by way of a timely appeal from the future appealable final judgment.

In appellate court case number CAAP-15-0000253, Appellant McKenna is attempting to assert an appeal from the March 16, 2015 dismissal order, which purports to be a voluntary stipulation for dismissal with prejudice of all claims and all parties pursuant to HRCP Rule 41(a)(1)(B).  As the language of HRCP Rule 41(a)(1)(B) indicates, a stipulation to dismiss must be "voluntary":

---

[1]      "In order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Siangco v. Kasadate, 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994) (citations and internal quotation marks omitted) (original brackets).

-4-

> Rule 41.  Dismissal of actions.
>    (a) <u>Voluntary</u> dismissal: Effect thereof.
>       (1) By plaintiff; by stipulation.  An action may be dismissed by the plaintiff <u>without order of court</u> (A) by filing a notice of dismissal at any time before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment, or (B) <u>by filing a stipulation of dismissal signed by all parties who have appeared in the action</u>, in the manner and form prescribed by Rule 41.1 of these rules.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.

(Emphases added).  Apparently Appellant McKenna refused to voluntarily sign the March 16, 2015 dismissal order, as evidenced by circuit court's having directed the circuit court clerk to sign the March 16, 2015 dismissal order on behalf of Appellant McKenna.  Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the federal rule analogous to HRCP Rule 41(a)(1)(B), has been construed to require that "[a] stipulation of dismissal must be voluntary, and a court may not order a party to execute a stipulation of dismissal even if the other party claims that the parties agreed to settle the matter."  8 James Wm. Moore et al., <u>Moores Federal Practice</u> § 41.34[2], at 41-112 (3d ed. 2009) (footnote omitted).  In the instant case, the signature of the circuit court clerk on behalf of Appellant McKenna does <u>not</u> appear to constitute the voluntary signature of Appellant McKenna for a "voluntary" stipulation of dismissal under HRCP Rule 41(a)(1)(B).

Furthermore, despite that HRCP Rule 41(a)(1)(B) expressly requires that a stipulation to dismiss must be "signed by all parties who have appeared in the action[,]" Appellee Kim

-5-

and Appellee Hawaiian Isles Adjusting did not sign the March 16, 2015 dismissal order. The absence of signatures by all parties who appeared in the action (including Appellees Kim and Hawaiian Isles Adjusting and Appellant McKenna) means that the March 16, 2015 dismissal order does not comply with the express requirements under HRCP Rule 41(a)(1)(B) for a stipulation to dismiss all claims. With the signature of the presiding judge, the March 16, 2015 dismissal order appears to be an order of the circuit court that purports to dismiss all claims.

As already stated, "based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i at 254, 195 P.3d at 1186. On May 29, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000253, which does not contain an appealable final judgment. Because the circuit court has not yet reduced the May 16, 2015 dismissal order to a separate, appealable final judgment that, on its face, resolves all claims as to all parties, we lack appellate jurisdiction over appellate court case number CAAP-15-0000253 under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins. Appellant McKenna's appeal is premature, but she will have an opportunity to seek appellate review by way of a timely appeal from a final judgment that resolves all claims in this case under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski,

-6-

107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Therefore,

IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-15-0000253 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, December 23, 2015.

Chief Judge

Associate Judge

Associate Judge

-7-